UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terry W. Schwanke,

              Plaintiff,              **MEMORANDUM OPINION AND ORDER**

v.                                         Civil No. 11-1219 ADM/LIB

Massachusetts Department of Transitional
Assistance, Benton County Human Services,

              Defendants.

_____

Terry W. Schwanke, pro se.

Jessica E. Schwie, Esq., Jardine Logan & O'Brien PLLP, Lake Elmo, MN, on behalf of Defendant Benton County Human Services.

_____

## I. INTRODUCTION

This matter came before the undersigned United States District Judge for a hearing on Defendant Benton County Human Services' ("Benton County") Motion to Dismiss [Docket No. 5] on October 13, 2011. Plaintiff Terry W. Schwanke ("Schwanke") did not appear at the hearing. The day preceding the hearing, he filed a number of documents which may have been intended to oppose Defendant Benton County's Motion. For the reasons set forth below, Benton County's Motion to Dismiss is granted, Schwanke's motions are denied, and Schwanke's claims are dismissed. The Massachusetts Department of Transitional Assistance ("MDTA") did not enter an appearance, but it did listen telephonically to the hearing and orally adopted Benton County's arguments. Because the same legal issues apply to MDTA, Schwanke's claims against them are also dismissed.

## II. BACKGROUND[1]

This case has a long, complicated procedural history, but the facts are largely undisputed by either party. Schwanke lived in Massachusetts and collected food support benefits there from July 2009 until June 2010. Compl. [Docket No. 1] 4. In February 2010, Schwanke moved to Benton County, Minnesota, where he received food support benefits from March through June of that year. Id. In his Minnesota food support benefits application, Schwanke stated that he had not received such benefits in the past. Schwie Aff. [Docket No. 8] Ex. A ("Benton County Complaint"), Ex. F ("Dept. of Human Services Decision") 2.[2]

In October 2010, Schwanke was criminally charged with wrongfully obtaining assistance, and he made an *Alford* plea to the charges in January 2011. Schwie Aff. Ex. B, Ex. C ("Benton County Criminal Order"). As part of his plea, Schwanke was ordered to pay restitution to Benton County for the $788 he had wrongfully collected, plus the associated court fees of $387. Benton County Criminal Order. Schwanke never appealed his criminal conviction, and a payment plan was established. Schwie Aff. Ex. B. Schwanke has paid a portion of the restitution, but further state criminal charges are under advisement. Schwie Aff. Ex. D.

Benton County also served Schwanke with a Notice of Overpayment for $788, which he appealed. Schwie Aff. Ex. F. Both the Minnesota Department of Human Services and the

---

[1] In considering Defendant Benton County's Motion to Dismiss, the Court takes the facts alleged in Plaintiff's Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

[2] Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, that motion is converted to one for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 6870–88 (8th Cir. 2003). However, the Court may properly consider public records and matters that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Commissioner for the Department of Human Services affirmed this decision. Id.  Schwanke did not appeal the agency decision.

On May 10, 2011, Schwanke filed a complaint requesting "relief from the amount of $600 from Benton County" because he claims he did not know that Massachusetts had continued issuing benefits from April to June.  Compl. 4.  Additionally, Schwanke is seeking to be reimbursed for $200 from MDTA.  Id.  Benton County filed its Motion to Dismiss on August 22, 2011, pursuant to Rules 12(b) and 12(c).[3]  Schwanke untimely filed several documents on October 12, 2011, including a Motion in Limine [Docket No. 13] and a "Motion for Dismissal - Objection by Plaintiff" [Docket No. 16].[4]

---

[3] The Court is satisfied that Schwanke had sufficient notice of the proceedings and of Defendant Benton County's filings.  Benton County has served or attempted to serve all papers supporting its Motion to Dismiss to three different addresses on file for Schwanke.  See Scwhie 2d. Aff. [Docket No. 12] ¶¶ 4–11.  Plaintiff Schwanke's eve-of-hearing filings show knowledge of the hearing.  Schwanke was on notice of the hearing, had a duty to check the status of his case, and had a duty to respond to the motion to dismiss.  See, e.g., Grover-Tsimi v. Millpond Partners, Civ. No. 09-3544, 2010 U.S. Dist. LEXIS 127559 (October 18, 2010) *6 ("[A]n outright failure to respond in any fashion to a dispositive motion is not lightly condoned . . . . [and] a *pro se* litigant is not entitled to be excused entirely from the procedural and substantive requirements imposed by the applicable federal rules and statutes.") (emphasis in original).

[4] Schwanke untimely filed these documents on October 12, 2011, the eve of the hearing on Benton County's Motion to Dismiss.  Such eleventh hour filings are regularly denied by courts.  See e.g., N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004) (denying pleadings filed "late into the litigation for the purpose of avoiding summary judgment.").  Even if considered, the late filings do not change the Court's analysis.

### III. DISCUSSION

**A. Standard of Review**[5]

In considering a Rule 12 motion to dismiss, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**B. Defendants' Constitutional Immunity**

Schwanke has sued both MDTA and Benton County (collectively, "Defendants"), but neither are suable entities. State agencies are constitutionally immune from suit in federal court under the Eleventh Amendment unless they have consented or Congress has abrogated the state's immunity by express statutory provision. U.S. Const. amend. XI.; Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1998). None of these have occurred here. Benton County and MDTA are state agencies immune from private citizen lawsuits. Because Schwanke has not

---

[5]Pro se complaints are to be "liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), and held to "less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

brought suit against suable entities, his claims are dismissed on this basis alone.

**C. Failure to State a Claim**

Schwanke has alleged that Defendants violated 7 C.F.R. §§ 273.18(b), 273.13(b)(3)(12-13), and 273.3(a), but his Complaint has failed to state how Defendants violated their obligations under these regulations. Rule 12(b)6) motions to dismiss for failure to state a claim are granted when a pleading falls short of the Rule 8(a) requirement that pleadings include "enough facts to state a claim of relief that is plausible on its face." Fed. R. Civ. P. 8(a). Schwanke has not alleged any facts suggesting that Benton County or MDTA violated any of these regulations or, indeed, committed any misconduct. Schwanke has merely alleged that "Massachusetts made an agency error to continue to issue payments [to him]" and that "Benton County is not entitled to a total repayment of $788.00." Compl. 6. These conclusory allegations do not state a facially plausible claim. Because Schwanke has failed to properly plead his claim, his claims are dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**D. Lack of Subject-Matter Jurisdiction**

Schwanke's claims amount to a collateral attack on a state court ruling, but this Court lacks subject-matter jurisdiction over his claims. Schwanke seeks to have this Court review and reverse his Minnesota state criminal sentence, stating that he "will not pay Benton County $788.00." Compl. 4. Under the Rooker-Feldman doctrine, however, a federal court lacks subject-matter jurisdiction to exercise appellate jurisdiction over a state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Because Schwanke's claims are an impermissible attempt to collaterally attack a state court ruling in a federal court, this Court lacks subject-matter jurisdiction and his claims

5

are dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Moreover, because Schwanke's criminal sentence is still being overseen by a Minnesota state court, federal court jurisdiction is lacking under the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37 (1971) (requiring a federal court to abstain from further proceedings when state proceedings are pending). Schwanke's criminal sentence and his repayment plan continue to be adjudicated and overseen by a state court, so his claims are dismissed on this basis as well.

## E. Claims Barred by Parratt Doctrine

Schwanke's claims are barred by the Parratt doctrine because adequate state law remedies were available to him. Schwanke failed to appeal his state criminal conviction and sentencing order, instead filing this Complaint in federal court. Where adequate state remedies are or were available to a party, the Parratt doctrine bars federal claims for alleged constitutional violations. Parratt v. Taylor, 451 U.S. 527 (1981) overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Because Schwanke had access to adequate state remedies, the Parratt doctrine bars his current federal claims and they are dismissed on this basis.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Benton County's Motion to Dismiss [Docket No. 5] is **GRANTED;**

2. All claims in Schwanke's Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**; and

3.  Schwanke's Motion in Limine [Docket No. 13] is **DENIED** as moot because the underlying claims have been dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 14, 2011.